UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. TIEMOKO COULIBALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN KERRY, Secretary of State, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 14-712 (RC)

## DEFENDANTS' ANSWER

Defendants John Kerry, Secretary of State, Ruth Whiteside, Director, Foreign Service Institute, Department of State, Cathy Russell, Executive Director, Foreign Service Institute, Department of State, Marianne Myles, Dean, Foreign Service Institute, Department of State, James North, Assistant Dean, Foreign Service Institute, Department of State, Debra Blake, Division Director, Foreign Service Institute, Department of State, Deborah Duckett, Human Resources Director, Foreign Service Institute, Department of State, Phuong Nguyen, Human Resources Officer, Foreign Service Institute, Department of State, Brian Springer, Human Resources Officer, Foreign Service Institute, Department of State, Michelle D. Bryant, Human Resources Officer, Foreign Service Institute, Department of State, Philippe Casteuble, French Supervisor, Foreign Service Institute, Department of State, Laura Fyfe, French Supervisor, Foreign Service Institute, Department of State, Hilary Sachs, French Supervisor, Foreign Service Institute, Department of State, Dora Chanesman, French Training Specialist, Foreign Service Institute, Department of State, Kristina Medick, Attorney-Advisor, Department of State, Jennifer Toole, Attorney-Advisor, Department of State ("Defendants" or the "Government"), by and

through undersigned counsel, hereby responds to Plaintiff Dr. Tiemoko Coulibaly's ("Plaintiff" or "Dr. Coulibaly") Complaint as follows:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *res judicata*.

THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel.

FOURTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

SIXTH DEFENSE

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted expressly, it is denied.  Moreover, to the extent the Complaint refers to or quotes from external documents, statutes or other sources Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendants answer as follows:

*     *     *     *     *

1.      In response to Paragraph 1, Defendants admit that Plaintiff was terminated during his "trial period" or probationary period on April 2, 2012.   The remaining allegations in Paragraph 1 are legal conclusions to which no answer is required, but to the extent that one is deemed necessary, they are denied.

2a.[1]      Defendants are without sufficient information or knowledge to admit or deny the first two sentences of Paragraph 2a, and on that basis deny them, but Defendants specifically deny that Plaintiff filed his informal complaint on November 23, 2011, however Defendants aver that Plaintiff requested a counselor on that day.   In response to the third sentence of Paragraph 2a, Defendants admit that Plaintiff was terminated on April 2, 2012, Defendants are without sufficient information or knowledge to admit or deny any remaining allegations in the third sentence of Paragraph 2a, and on that basis deny them.   Defendants are without sufficient information or knowledge to admit or deny the allegations in the fourth sentence of Paragraph 2a, and on that basis deny them.   In response to the fifth sentence of Paragraph 2a, Defendants admit that Plaintiff worked at State Department facilities in some form or fashion for around thirteen years (13), but are without sufficient information or knowledge to admit or deny the remaining allegations in the fifth sentence of Paragraph 2a, and on that basis deny them, but specifically deny Plaintiff's legal conclusion that any retaliation occurred.   Defendants deny the sixth, seventh, and eighth sentences of Paragraph 2a.   The ninth sentence of Paragraph 2a incorporates a document which speaks for itself, but to the extent a response is necessary, Defendants admit that the ROI in another proceeding initiated by Plaintiff contains information addressing Plaintiff's complaints of leave and health issues.   Defendants are without sufficient

---

[1]      Plaintiff's Complaint contains two paragraphs numbered "2," one on page 5 and one on page 6.   For ease of reference, Defendants refer to the paragraph on page 5 as "2a" and the paragraph on page 6 as "2b."

information or knowledge to admit or deny the allegations in the tenth sentence of Paragraph 2a, and on that basis deny them.  Defendants deny the eleventh sentence of Paragraph 2a.

## JURISDICTION[2]

2b.    Paragraph 2b contains Plaintiff's statement regarding jurisdiction which is a legal conclusion to which no response is required, but to the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over suits brought against the federal government and its employees in their official capacities, but otherwise denies that Plaintiff has identified an applicable waiver of sovereign immunity for his claims.

## VENUE

3.    Paragraph 3 contains Plaintiff's statement regarding venue which is a legal conclusion to which no response is required, but to the extent a response is required, Defendants admit that this Court would be a proper venue for any proper legal claims against Defendants for which this Court has subject matter jurisdiction.

## PARTIES

4.    Defendants are without sufficient information to admit or deny the allegations in the first sentence of Paragraph 4, and therefore, deny the same.  Defendants admit that Plaintiff worked at the Foreign Service Institute as a contractor and then as a probationary federal employee for a thirteen year period, but are without sufficient information to admit or deny the remaining allegations in the second sentence of Paragraph 4, and therefore, deny the same.

5.    Defendants admit the allegations in Paragraph 5.

---

[2]    Defendants have not replicated all of the headings contained in the Complaint herein because they are not substantive allegations in numbered paragraphs.  Although no response is required to such headings, to the extent a response is deemed required, Defendants deny any allegations contained in such headings.

6.      Defendants admit the allegations in Paragraph 6, but aver that the following titles should be changed:  Debra Blake, Language School Department Chair; Deborah Duckett, Head, FSI Personnel Office; Phuong Nguyen, Human Resources Officer; Brian Springer, Human Resources Officer; Philippe Casteuble, Language Training Supervisor; Laura Fyfe, Language Training Supervisor; Jen Toole, former Attorney-Advisor.  Additionally, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current holders of any offices will be automatically substituted for Plaintiff's claims against individuals in their official capacities.

7.      Paragraph 7 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.      In response to Paragraph 8, Defendants deny that Plaintiff filed his informal complaint on November 23, 2011, however Defendants aver that Plaintiff requested a counselor on that day.  Defendants admit that some individual members of FSI management were made aware of a meeting with EEO Counselor Sheila Ward when Ms. Ward contacted those individuals regarding administrative leave for Plaintiff.  Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.      Defendants deny the allegations in Paragraph 10, but aver that the EEO accepted some allegations for investigation and dismissed others.

11.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 11, and therefore, deny the same.

12.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 12, and therefore, deny the same.  Defendants have not located any records from a Dr. Mark Major related to Plaintiff after conducting a reasonable search.

13.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 13, and therefore, deny the same.  Defendants have not located any records from a Dr. Mark Major related to Plaintiff after conducting a reasonable search.

14.     In response to the first sentence of Paragraph 14, Defendants admit that a medical certificate dated March 10, 2012, was sent by mail and email; Defendants admit that the medical certificate contained a diagnosis of Post Traumatic Stress Disorder and Depression, but deny the remaining allegations in the first sentence of Paragraph 14.  In response to the second and third sentences of Paragraph 14, Defendants admit that the physician provided the EEOC case number, but deny the remaining allegations in the second sentence of Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     In response to Paragraph 16, Defendants admit that Dr. Hamlin sent the medical certificate to Cathy Russell, FSI Executive Director, via Priority Mail.  Defendants deny that the certificate was refused three times and Plaintiff's own records only show a single unsuccessful deliver attempt.  Defendants admit that Cathy Russell was FSI Executive Director during the time period of the allegations in Paragraph 16.  Defendants admit that Plaintiff sent many emails to Cathy Russell and other FSI executives, supervisors, and management, but deny Cathy Russell is still the FSI Executive Director.  Defendants admit that Ms. Russell signed Plaintiff's termination letter.  Defendants deny all other remaining allegations in Paragraph 16.

17.     In response to Paragraph 17, Defendants admit that Plaintiff returned to work on March 26, 2012, but deny the remaining allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     In response to Paragraph 19, Defendants admit that HR sent Plaintiff an email on April 2, 2012, for a meeting and that Plaintiff was given a termination letter at that meeting for

failure to follow procedures to request leave.  Defendants admit that the termination letter indicated Plaintiff's last day of work was April 6, 2012 and that between April 2, 2012, and April 6, 2012, Plaintiff asked by email questions about his termination.  Defendants admit that the copied language (without the emphases) is a true quotation from the termination letter and refer to that document for its true and complete contents.  That document speaks for itself.  Defendants deny the remaining allegations in Paragraph 19.

20.     In response to Paragraph 20, Defendants admit that Debra Blake's EEO affidavit states that management contacted the EEO office about Plaintiff's case, but Defendants refer to that document for its true and complete contents.  That document speaks for itself.  All other allegations in Paragraph 20 are denied.

21.     Defendants admit that in his EEOC affidavit, Mr. Casteuble said he did not know who fired Plaintiff and that he was not aware of Plaintiff's EEOC complaint, but Defendants refer to that document for its true and complete contents.  That document speaks for itself. Defendants admit that on January 24, 2012, Mr. Casteuble gave an official reprimand letter to Plaintiff.  Defendants admit that the ROI contains emails sent by Plaintiff to Mr. Casteuble as well as others like Division Director Debra Blake, but Defendants refer to those documents for their true and complete contents.  Those documents speak for themselves.  Defendants deny the remaining allegations in Paragraph 21.

22.     In response to Paragraph 22, Defendants admit that Dr. Hamlin indicated in his medical certificate that Plaintiff was continuing his medical treatment with Dr. Hamlin with two sessions per week, but Defendants refer to that document for its true and complete contents. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 25, and therefore, deny them on that basis.

26.     Defendants deny the allegations in Paragraph 26.

27.     In response to Paragraph 27, Defendants admit that the agency sent the ROI for Plaintiff's other case to the EEOC on January 4, 2013, but deny the remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Paragraph 29 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 29.

30.     Paragraph 30 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 30.

31.     Paragraph 31 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.     Defendants admit the allegations in the first two sentences of Paragraph 32, concerning Plaintiff's questions posited to FSI management.  Defendants deny the remaining allegations in Paragraph 32.

33.     Paragraph 33 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     In response to Paragraph 35, Defendants admit that Plaintiff filed a formal EEO complaint on December 20, 2011 (the subject of another complaint before this Court).  The remainder of Paragraph 35 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants deny the allegations in the first two sentences of Paragraph 36.  The third sentence of Paragraph 36 begins a quotation from a filing in Plaintiff's EEO case. Defendants refer to that document for its true and complete content and that document speaks for itself.  Defendants admit that the Complaint appears to accurately quote selected portions of the filing and then Plaintiff supplied emphasis.  Defendants aver, however, that this filing relates to Plaintiff's EEO case and has no relevance to Plaintiff's claims for FMLA violations.

37.     In response to Paragraph 37, Defendants deny the first sentence of Paragraph 37. In response to the second sentence of Paragraph 37, Defendants deny Plaintiff's characterization of Mr. Casteuble's EEO affidavit, but admit that Plaintiff appears to have accurately quoted a few sentences of a select portion of an affidavit.  Defendants refer to that affidavit for its true and complete contents and that document speaks for itself.   Defendants deny the remaining allegations in Paragraph 37 and again aver that the EEO process is irrelevant to this case.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that the ROI in Plaintiff's EEO case (the subject of another Complaint before this Court) contains an email of March 6, 2012 on page 524 sent to Philippe Casteuble.  Defendants refer to that email for its true and complete contents and that document

speaks for itself.  Defendants admit that Casteuble is literate and is not deaf or blind.  Defendants deny the remaining allegations in Paragraph 39.

40.      Defendants admit that the ROI in Plaintiff's EEO case (the subject of another complaint before this Court) contains an email of March 6, 2012 on page 524 sent to Philippe Casteuble.  Defendants refer to that email for its true and complete contents and that document speaks for itself.  Defendants admit that Plaintiff appears to have accurately copied portions of an email that he sent in response to the March 6, 2012 email that is also contained in the ROI that is relevant to Plaintiff's other federal litigation.  Defendants refer to that email for its true and complete contents and that document speaks for itself.  Defendants deny the remaining allegations in Paragraph 40.

41.      Paragraph 41 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 41.  To the extent Paragraph 41 contains allegations that are not legal conclusions, those allegations are also denied.

42.      In response to the first sentence Paragraph 42, Defendants deny Plaintiff's characterization of Mr. Casteuble's EEO affidavit (in response to the administrative investigation of Plaintiff's allegations which are the subject of a separate complaint in this Court), but admit that Plaintiff appears to have accurately quoted a sentence from a select portion of an affidavit.  Defendants refer to the affidavit for its true and complete contents and that document speaks for itself.  Defendants deny the allegations in the second sentence of Paragraph 42 and any remaining allegations in Paragraph 42.

43.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 43, and therefore, deny them on that basis.

44.     In response to Paragraph 44, Defendants admit that Plaintiff received his termination letter on April 2, 2012, but Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 44, and therefore, deny them on that basis.

45.     In response to Paragraph 45, Defendants admit that Plaintiff's termination letter was issued on April 2, 2012, and that Plaintiff returned to work on March 26, 2012.  Defendants admit that Plaintiff appears to have accurately quoted a sentence from a select portion of the ROI for his EEO matter, but Defendants deny the remaining allegations in Paragraph 45.  Defendants refer to the ROI for its true and complete contents and that document speaks for itself.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants admit that Plaintiff appears to have accurately quoted language from a select portion of the ROI for his EEO matter, but Defendants deny the remaining allegations in Paragraph 47.  Defendants refer to the ROI for its true and complete contents and that document speaks for itself.

48.     Defendants admit that Plaintiff appears to have accurately quoted language from a select portion of the ROI for his EEO matter, but Defendants deny the remaining allegations in Paragraph 48.  Defendants refer to the ROI for its true and complete contents and that document speaks for itself.

49.     Defendants admit that Plaintiff appears to have accurately quoted language from a select portion of the ROI for his EEO matter, but Defendants deny the remaining allegations in Paragraph 49.  Defendants refer to the ROI for its true and complete contents and that document speaks for itself.

50.     Paragraph 50 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph

50.   To the extent Paragraph 50 contains allegations that are not legal conclusions, those allegations are also denied.  Defendants admit that Plaintiff appears to have accurately quoted language from a select portion of the ROI for his EEO matter in the last sentence of Paragraph 50, but Defendants refer to the ROI for its true and complete contents and that document speaks for itself.

51.   Defendants deny the allegations in Paragraph 51.

52.   Paragraph 52 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 52.  To the extent Paragraph 52 contains allegations that are not legal conclusions, those allegations are also denied.

53.   Paragraph 53 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 53.  To the extent Paragraph 53 contains allegations that are not legal conclusions, those allegations are also denied.

54.   Defendants deny the allegations in Paragraph 54.

55.   Defendants deny the allegations in Paragraph 55.  Defendants admit that Plaintiff appears to have accurately quoted language from a select portion of Plaintiff's termination letter in the last sentence of Paragraph 55, but Defendants refer to the termination letter for its true and complete contents and that document speaks for itself.[3]

60.   Defendants deny the allegations in Paragraph 60.   To the extent Plaintiff incorporates an EEO affidavit (in response to the administrative investigation of Plaintiff's

---

[3]     Plaintiff's Complaint does not contain Paragraphs numbered 56-59.

allegations which are the subject of a separate complaint in this Court), Defendants refer to the affidavit for its true and complete contents and that document speaks for itself.

61.     Paragraph 61 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 61. To the extent Paragraph 61 contains allegations that are not legal conclusions, those allegations are also denied.

62.     Paragraph 62 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 62. To the extent Paragraph 62 contains allegations that are not legal conclusions, those allegations are also denied.

63.     Defendants admit that Plaintiff appears to have accurately quoted language from a select portion of Plaintiff's ROI for his EEO matter in the first sentence of Paragraph 63, but Defendants refer to the ROI for its true and complete contents and that document speaks for itself. Defendants deny the remaining allegations in Paragraph 63.

64.     To the extent Paragraph 64 contains factual allegations and not legal conclusions or rhetorical questions, Defendants deny those allegations.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Paragraph 67 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 67. To the extent Paragraph 67 contains allegations that are not legal conclusions, those allegations are also denied.

68.     Paragraph 68 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 68.   To the extent Paragraph 68 contains allegations that are not legal conclusions, those allegations are also denied.

69.     Paragraph 69 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 69.   To the extent Paragraph 69 contains allegations that are not legal conclusions, those allegations are also denied.

70.     Paragraph 70 contains Plaintiff's characterizations of affidavits in the ROI. Defendants refer to the affidavits in the ROI for his EEO matter for their true and complete contents and those documents speak for themselves.  Defendants deny any remaining allegations in Paragraph 70.

71.     Paragraph 71 contains Plaintiff's characterization of an OIG Inspection Report; Defendants refer to that document for its true and complete contents and that document speaks for itself.  Defendants deny the allegations in Paragraph 71.

72.     Paragraph 72 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 72.  To the extent Paragraph 72 contains allegations that are not legal conclusions, Defendants admit that Plaintiff's letter of termination was dated April 2, 2012, but aver that Plaintiff returned to work on March 26, 2012, not March 26, 2009 as Plaintiff has pled.  Any remaining allegations in Paragraph 72 are denied.

73.     Defendants admit the allegations in Paragraph 73.

74.    Paragraph 74 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 74.  To the extent Paragraph 74 contains allegations that are not legal conclusions, those allegations are also denied.

75a.[4]   Paragraph 75a contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 75a.  To the extent Paragraph 75a contains allegations that are not legal conclusions, those allegations are also denied except that Defendants admit that Plaintiff worked as a contractor from 1999 through 2012.

75b.    Paragraph 75b contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 75b.  To the extent Paragraph 75b contains allegations that are not legal conclusions, those allegations are also denied except that Defendants admit that Plaintiff was terminated during his probationary period.

76a-79.    Paragraphs 76a-79 relate solely to claims previously dismissed by this Court and, therefore, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraphs 76a-79.

80.    Paragraph 80 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 80.  To the extent Paragraph 80 contains allegations that are not legal conclusions, those allegations are also denied.

---

[4]    Like Paragraph 2, Plaintiff's Complaint contains two Paragraphs numbered 75, one beginning on page 36 of the Complaint and one beginning on page 37.  Defendants refer to the first Paragraph 75 as "75a" and the second Paragraph 75 as "75b."

81.     Paragraph 81 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Paragraph 82 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 82.  To the extent Paragraph 82 contains allegations that are not legal conclusions, those allegations are also denied except that Defendants admit that Plaintiff was terminated during his probationary period.

83.     Paragraph 83 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Paragraph 84 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     Paragraph 86 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 86 because the allegations do not apply to federal employees.

87.     Defendants deny the allegations in Paragraph 87.

88.     Paragraph 88 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants admit that Plaintiff has accurately

summarized portions of the FMLA, but deny those portions' relevance to these proceedings or the allegations in Plaintiff's Complaint.

89.     Paragraph 89 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Paragraph 91 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.     Paragraph 92 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 92.  To the extent Paragraph 92 incorporates the ROI for Plaintiff's EEO claim which is the subject of another federal lawsuit, Defendants refer to that document for its true and complete contents and that document speaks for itself.

93.     Paragraph 93 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 93.  To the extent Paragraph 93 incorporates the ROI for Plaintiff's EEO claim which is the subject of another federal lawsuit, Defendants refer to that document for its true and complete contents and that document speaks for itself.

94.     Paragraph 94 contains a quotation from what appears to be an article or hornbook. Defendants are without sufficient information to admit or deny whether the quotation is accurate and, on that basis, denies the allegations in Paragraph 94 and avers that Paragraph 94 appears to be a legal conclusion.  Defendants deny any additional allegations in Paragraph 94.

17

95.     Paragraph 95 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 95.  To the extent Paragraph 95 incorporates the ROI for Plaintiff's EEO claim which is the subject of another federal lawsuit, Defendants refer to that document for its true and complete contents and that document speaks for itself.

96.     Paragraph 96 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 96.  To the extent Paragraph 96 incorporates the ROI for Plaintiff's EEO claim which is the subject of another federal lawsuit, Defendants refer to that document for its true and complete contents and that document speaks for itself.

97.     Paragraph 97 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 99 and, on that basis, deny them.

100.    Paragraph 100 contains Plaintiff's legal conclusions, to which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 100.  To the extent Paragraph 100 incorporates the ROI for Plaintiff's EEO claim which is the subject of another federal lawsuit, Defendants refer to that document for its true and complete contents and that document speaks for itself.

**Prayer for Relief**

Paragraphs 1 to 10 on pages 46-48 contain Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations set forth therein and specifically deny that Plaintiff is entitled to any relief whatsoever, including attorney's fees (particularly where Plaintiff is proceeding *pro se*).

WHEREFORE, having fully answered, Defendants pray for judgment in their favor, including all fees, costs, and other expenses recoverable by law, and such other and further relief as the Court deems appropriate.

Dated: October 28, 2015
Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _____/s/_____
    WYNNE P. KELLY
    Assistant United States Attorney
    555 4th Street, NW
    Washington, DC 20530
    (202) 307-2332
    wynne.kelly@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendants' Answer to be sent via

U.S. mail to *pro se* Plaintiff at:

Tiemoko Coulibaly, Ph.D.
2013 Grace Church Road
Silver Spring, MD 20910;

      Dated:  October 28, 2015
      Washington, DC

                    By: _____/s/_____
                           WYNNE P. KELLY
                           Assistant United States Attorney