UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIEMOKO COULIBALY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTONY J. BLINKEN, U.S. Secretary of ) <br> State, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: <br> **14-0712 (RC)** |

**REVISED JOINT PRETRIAL STATEMENT**

Pursuant to Local Civil Rule 16.5 and this Court's Pretrial Order, ECF No. 101, Plaintiff Tiemoko Coulibaly and Defendant Antony J. Blinken, U.S. Secretary of State, respectfully submit the following Revised Joint Pretrial Statement in the above-captioned matter.

**I.   STATEMENT OF THE CASE**

This is an action under Title VII of the Civil Rights Act and the Family Medical Leave Act. Plaintiff alleges that, while working as a French language teacher at the U.S. Department of State's Foreign Service Institute in 2011 and 2012, he was subjected to discrimination based on his race and national origin and retaliation for having engaged in protected activity and requesting medical leave. Plaintiff was terminated from his position in April 2012. Defendant's position is that Plaintiff was appropriately terminated.

**II.   STATEMENT OF CLAIMS AND DEFENSES**

   A.   Plaintiff's Statement of his Claim

This is an action concerning violations of the Title VII of the Civil Rights Act of 1964 and the federal Family Medical Leave Act ("FMLA") experienced by Plaintiff Dr. Tiemoko Coulibaly during his employment as a federal civil servant and French foreign language instructor at the

Department of State's Foreign Service Institute ("FSI"). Plaintiff alleges that he experienced willful and reckless unlawful discriminatory conduct and retaliatory actions by the Defendant's agents, and that as a direct result of this conduct and these actions, he was terminated on April 6, 2012. Document 56 (Fourth Am. Compl.) ¶ 1-5. Specifically, his supervisor and other agents of the Defendant discriminated against him on account of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and this discrimination resulted in a hostile work environment, disparate treatment, adverse employment actions, and an untimely termination. *Id*. at ¶ 2. The discriminatory treatment caused mental and emotional pain, lost wages, family stress, and medical problems, and the latter led him to take leave from his employment at FSI pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq. Id.* at ¶ 3. During the leave period, the Defendant's agents continued to harass him and thus interfered with his FMLA right to take medical leave; further, Defendant's agents retaliated against Plaintiff for exercising his FMLA rights. *Id*. at 4. Finally, Defendant's agents denied Plaintiff his 12-weeks of leave guaranteed by the FMLA, and terminated Plaintiff during what would have been his leave period.

The Plaintiff was born in Ivory Coast, is of the Black race and Ivorian descent, and is now a permanent legal resident of the United States. At all relevant times until his termination, he was employed as a French language instructor at FSI and supervised by agents of the Defendant. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

    B.    <u>Defendant's Statement of Defenses</u>

This case is about Plaintiff's unwarranted response to Defendant's efforts to resolve common, performance based issues between Plaintiff and his first-line supervisor, Dr. Laura Fyfe, beginning in October 2011. The friction began when Plaintiff, a French Language instructor, failed

to prepare an adequate lesson plan for his French language classes. When confronted with his failure to prepare an adequate lesson plan, Plaintiff reacted by sending accusatory emails to Dr. Fyfe and her supervisors, which led to an in-person meeting to try to resolve the conflict. At the November 8, 2011, meeting, Dr. Fyfe asked Plaintiff, a black man who is from the Ivory Coast, whether he had something against her because Dr. Fyfe's former husband was also from the Ivory Coast. Plaintiff has alleged that this question demonstrated Dr. Fyfe and Defendant's racial discrimination against him.

After the meeting, Plaintiff filed an EEO complaint and escalated his email campaign against Dr. Fyfe and management with lengthy and unfounded accusations of racial discrimination and retaliation. In February 2012, Plaintiff provided a doctor's note stating that he suffered from anxiety and depression, and he subsequently took medical leave. At his deposition, Plaintiff testified that every email he received from his supervisors was discriminatory and retaliatory, even if those emails only addressed work-related issues.

On March 28, 2012, Plaintiff requested to take eight hours of sick leave for the next day, March 29, 2012. Plaintiff's accrued leave balance, however, was not enough to cover his request for leave, and he also failed to properly apply for that leave. Nevertheless, Plaintiff failed to appear at work or perform his duties as a French Instructor on March 29, 2012. On April 2, 2012, Plaintiff's employment was terminated due to the confluence of his erratic and unacceptable conduct that adversely affected FSI's operations. Specifically, Plaintiff, even after requests to curtail the disruptive aspects of his conduct, persisted in engaging in angry and emotional interactions with his supervisors and failed to follow established procedures for requesting leave, resulting in interference with the agency's mission.

The Department concluded that Plaintiff had significantly disrupted the efficient operation of FSI's French Language section due to his persistent pattern of unprofessional conduct over a period of months. In addition, Defendant found that Plaintiff failed to comply with the procedures for requesting leave and was absent without leave on March 29, 2012. For these reasons, Defendant's decisions to deny the requested leave and to terminate Plaintiff's employment were reasonable and not motivated by discrimination based on Plaintiff's race or national origin or in retaliation for his protected activity.

### III. SCHEDULE OF WITNESSES

#### A. Plaintiff's Witnesses

Plaintiff's Witness List is attached as Exhibit A.

Defendant alerts Plaintiff and the Court that it may raise objections based on Federal Rules of Evidence 402 and 403 with regarding to the testimony of Nathalie Lo and Hmimic At-Lmulud regarding the topic described as "work environment." Without further precision regarding the proposed testimony, Defendant may need to object at trial to those portions of the examination that are not relevant or that are unfairly prejudicial to Defendant.

#### B. Defendant's Witnesses

In addition to the witnesses listed by Plaintiff, and not objected to by Defendant, Defendant may call the following witnesses:

1. <u>Dr. Laura J. Fyfe</u> (2 hours)

Dr. Fyfe was Plaintiff's first-line supervisor from August 2011 until January 2012. Dr. Fyfe is expected to testify about her interactions with Plaintiff and the events that Plaintiff has cited in connection with his allegations of discrimination and retaliation.

2.      Philippe C. Casteuble (2 hours)

Mr. Casteuble was Plaintiff's first-line supervisor from January 2012 until April 2012. He is expected to testify about his interactions with Plaintiff and the events that Plaintiff has cited in connection with his allegations of discrimination and retaliation.

3.      Brian W. Springer (1 hour)

Mr. Springer worked as a Human Resources Specialist during the relevant time period.

He is expected to testify about his interactions with Plaintiff and the events that Plaintiff has cited in connection with his allegations of discrimination and retaliation, particularly those concerning Plaintiff's requests for medical leave.

4.      James E. North (1 hour)

Mr. North was an Associate Dean at FSI during the relevant time period. He is expected to testify about Plaintiff's conduct in the workplace between August 2011 and April 2012 and the basis for Plaintiff's termination.

5.      Ann Keller-Lally (2 hours)

Ms. Keller-Lally was a language training supervisor and at times served as Acting Division Director in Debra Blake's absence. She mediated a meeting between Dr. Fyfe and Dr. Coulibaly in November 2011, which Dr. Coulibaly cites as important to his discrimination and retaliation claims.

IV.     **LIST OF EXHIBITS TO BE OFFERED IN EVIDENCE**

   A.      By Plaintiff

Plaintiff's Exhibit List is attached as Exhibit B.

Defendant objects to the admissibility of statements in Plaintiff's exhibits (1) that constitute inadmissible hearsay and (2) where the probative value is substantially outweighed by a danger of

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403, 801, 802.

      B.      <u>By Defendant</u>

Defendant's Exhibit List is attached as Exhibit C.

Plaintiff's objections to Defendant's exhibits are included on Defendant's exhibit list.

*   *   *

Although each party has submitted objections to the other party's exhibits, they are working together to reach agreement ahead of time on the admissibility of a set of exhibits, in order to increase efficiency at trial. The parties intend to file a list of the exhibits to which admissibility is agreed by the parties on or before March 25, 2022.

In addition, each of the parties has added several new exhibits (PX134 on Plaintiff's side and DX76 and DX77 on Defendant's side); the parties are still reviewing those exhibits and will consider them as part of their discussions on admissibility. For the time being, the parties reserve the right to assert any objections to the admissibility of those exhibits.

**V.     DESIGNATION OF DEPOSITIONS TO BE OFFERED IN EVIDENCE**

      A.      <u>By Plaintiff</u>

Plaintiff's deposition designations, with Defendant's specific objections and counter-designations, are attached as Exhibit D.

Defendant continues to generally object to Plaintiff's deposition designations to the extent that they constitute inadmissible hearsay. Defendant objects to the admissibility of deposition designations where the witness is available to testify at trial.

      B.    <u>By Defendant</u>

Defendant's deposition designations, with Plaintiff's objections, are attached as Exhibit E. Defendant intends to use Plaintiff's deposition as substantive and impeachment evidence pursuant to Federal Rule of Evidence 801(d)(2). Defendant reserves the right to use all other deposition testimony for impeachment purposes.

## VI.    PLAINTIFF'S ITEMIZATION OF DAMAGES

Dr. Coulibaly seeks compensatory damages for emotional distress, mental anguish, frustration, inconvenience, embarrassment, and humiliation and other general damages in the amount of $300,000.00, the maximum amount under 42 U.S.C.§ 198la(b)(3).

In the event of a finding of liability, Dr. Coulibaly intends to seek equitable relief for economic losses in the amount of $959,850.00, in post-trial proceedings.

Dr. Coulibaly will also seek post-trial, if he prevails on any claim, an award of attorney's fees and costs against Defendant under Title VII (42 U.S.C.§2000e-5(k)).

## VII.    OTHER RELIEF SOUGHT

Defendant requests that the Court enter judgment in favor of Defendant, and dismiss Plaintiff's claims, with prejudice. Defendant requests the Court award costs to Defendant.

## VIII.    JOINT PROPOSED VOIR DIRE QUESTIONS

Each party has proposed *voir dire* questions. Plaintiff's proposed *voir dire* questions are attached as Exhibit F. Defendant's proposed *voir dire* questions are attached as Exhibit G.

## IX.    PROPOSED STANDARD JURY INSTRUCTIONS

Each party has proposed jury instructions. Plaintiff's proposed jury instructions are attached at Exhibit H. Defendant's proposed jury instructions are attached as Exhibit I.

## X. PROPOSED VERDICT FORM

Each party has proposed a verdict form. Plaintiff's proposed verdict form is attached as Exhibit J. Defendant's proposed verdict form is attached as Exhibit K.

Dated: March 24, 2022                    Respectfully submitted,

/s/  Mary E. Miller
K. Winn Allen
Mary E. Miller
Elizabeth Hedges
Neil Joseph
Caroline Darmody (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 389-5000
Fax: (202) 389-5200

Brandon D. Stone
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL 60654
brandon.stone@kirkland.com
Tel: (312) 862-2000
Fax: (312) 862-2200

*Attorneys for Plaintiff*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Acting Chief, Civil Division

/s/   Paul Cirino
PAUL CIRINO
BENTON PETERSON
Assistant United States Attorney
SARAH HUNTER
Special Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530

8

        Telephone: (202) 252-2529 (Cirino)
        Telephone: (202) 252-2534 (Peterson)
        Telephone: (202) 320-7520 (Hunter)
        Paul.Cirino@usdoj.gov
        Benton.Peterson@usdoj.gov
        HunterS@state.gov

*Attorneys for Defendant*