**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| TIEMOKO COULIBALY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-cv-712 (RC) |
| | : | | |
| v. | : | Re Document No.: | 136 |
| | : | | |
| ANTONY BLINKEN, | : | | |
| *U.S. Secretary of State*, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

DEFERRING RULING ON PLAINTIFF'S MOTION FOR FAMILY AND MEDICAL LEAVE ACT LIQUIDATED DAMAGES

**I. BACKGROUND**

In this opinion, the Court addresses a relatively narrow issue: whether Plaintiff Dr. Tiemoko Coulibaly, should he prevail on his claims for back pay, lost benefits, and prejudgment interest in connection with his 2012 termination from his position as an instructor at Defendant the Department of State's Foreign Service Institute ("FSI"), is also entitled to liquidated damages under the Family and Medical Leave Act ("FMLA"). Accordingly, the Court provides only a brief overview of the background.[1] After a trial, the jury agreed with Dr. Coulibaly that FSI discriminated against him on account of his race, color, or national origin in connection with his termination in violation of Title VII of the Civil Rights Act of 1964, and also that FSI retaliated against Dr. Coulibaly for engaging in activity protected by Title VII. Verdict Form at 1, ECF No. 130; *see* Jury Instrs. at 18, 21, ECF No. 133. The jury also agreed that FSI had violated the

---

[1] For additional background, see *Coulibaly v. Tillerson*, 273 F. Supp. 3d 16, 18–31 (D.D.C. 2017).

FMLA by interfering with Dr. Coulibaly's right to take medical leave. Verdict Form at 3. FSI listed several reasons for firing Dr. Coulibaly, including "failure to follow established procedures for requesting leave." Pl.'s Mot. Damages at 4, ECF No. 136 (citation omitted). One theory Dr. Coulibaly presented on the FMLA front was that FSI fired him in order to prevent him from taking additional medical leave. *See* Trial Tr. at 1002. Dr. Coulibaly also argued to the jury that FSI failed to provide him with sufficient notice of FMLA rights and procedures, which in turn caused Dr. Coulibaly's failure to properly request leave and, ultimately, his termination. *See id.* at 1106.

After trial, Dr. Coulibaly filed a motion asking the Court to award him back pay and lost benefits (with prejudgment interest) and front pay through the end of his worklife expectancy. He also requested an award of liquidated damages under the FMLA in a sum equal to double the back pay and prejudgment interest awards. Pl.'s Mot. Damages at 1–2. The Court will hold an evidentiary hearing on these issues after the parties engage in a period of discovery.

In advance of that hearing, the parties have presented briefing on the discrete issue of whether Dr. Coulibaly, should he ultimately succeed in obtaining back pay and lost benefits, will be entitled to liquidated damages under the FMLA.

## II. ANALYSIS

The FMLA provides that an employer who interferes with FMLA rights shall be liable in the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation" plus interest. 29 U.S.C. § 2617(a)(1)(A)(i)(I). Additionally, the employer shall be liable for:

> an additional amount as liquidated damages equal to the sum of the amount [of wages, salary, compensation, benefits, or interest], except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that

>   the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount [of wages, salary, compensation, and interest] . . . .

*Id.* § 2617(a)(1)(A)(iii).  Thus, "[to] avoid a liquidated damages award" in the face of an FMLA violation that causes lost wages, salary, compensation, or benefits, "the defendant bears the burden of establishing that it acted with subjective good faith and that it had an objectively reasonable belief that its conduct did not violate the law." *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868 (8th Cir. 2006).  Some courts have emphasized that there is a "strong presumption under the statute in favor of doubling." *Id.* at 868–69 (citation omitted).

On the current record, the State Department has not met its burden of proving that it acted with subjective good faith or that it reasonably believed its treatment of Dr. Coulibaly was consistent with the FMLA.  Although the jury ultimately concluded that Dr. Coulibaly was eligible for FMLA leave under Title I of the FMLA, *see Coulibaly*, 723 F.3d at 39; Jury Instrs. at 37, the Department suggests that it believed, reasonably and in good faith, that Dr. Coulibaly was not eligible for FMLA leave.  As for good faith, Brian Springer, the human resources staff member responsible for Dr. Coulibaly, testified at trial that he did not inform Dr. Coulibaly that he could take FMLA leave because he did not believe Dr. Coulibaly to be eligible for FMLA leave.  Trial Tr. at 895–96.  Springer grounded this belief in his understanding that Dr. Coulibaly's time as a contractor[2] did not count toward the FMLA's twelve-month time-in-service requirement, *see id.* at 930–32, an understanding that was consistent with the State Department's Foreign Affairs Manual policy applicable at the time, Def.'s Mem. Opp'n Pl.'s Claim Liquidated

---

[2] Dr. Coulibaly was a contract instructor for twelve years before he finally became a "direct hire" employee in June 2011, less than a year before his termination.  Pl.'s Mot. Damages at 2–4.

3

Damages Ex. B at 3, ECF No. 145-2 ("Time spent on a temporary appointment of one year or less is not creditable towards the 12 months of service required for eligibility under the FMLA.").[3]

As for the reasonableness of the policy that grounded this belief, "[t]he FMLA recognizes two groups of qualified 'employees,' defined under Title I and Title II of the FMLA."[4] *Coulibaly*, 273 F. Supp. 3d at 33 (D.D.C. 2017). An employee covered under Title II is expressly excluded from the coverage of Title I. *Id.* "[T]o be eligible under Title II, an individual must (1) be (a) duly appointed, (b) engaged in the performance of a federal function, and (c) subject to supervision by an officer or an appointed individual; and (2) have completed at least twelve months in a position meeting those three requirements (appointment, engagement, and supervision)." *Id.* at 34. Defendant suggests that the State Department may have believed that an employee like Dr. Coulibaly who had been dully appointed to a full-time position but had not yet served twelve months in that position was "progressing towards coverage under Title II." Def.'s Mem. Opp'n Pl.'s Claim Liquidated Damages at 13 ("Opp'n"), ECF No. 145. Defendant cites two district court cases that it says "buttress[]" this position by "appear[ing to] apply Title II to federal employees without reference to time in service." *Id.* (citing *Moynihan v. Gutierrez*, Civ. A. No. 07-0506, 2007 WL 2885342, at *3 (E.D. Mo. Sept. 27, 2007); *Weesner v. Glickman*, 59 F. Supp. 2d 783, 787 (N.D. Ind. 1999)).[5]

---

[3] It is not clear from the document whether this policy referred to eligibility under Title I of the FMLA, Title II of the FMLA, or both.

[4] Unlike a Title I employee, a federal Title II employee does not have a private right of action under the FMLA. *Coulibaly*, 273 F. Supp. 3d at 33.

[5] The import of these cases is not entirely clear to the Court. For one thing, even taking at face value Defendant's conclusion that they indicate Title II eligibility can obtain for duly appointed employees regardless of time in service, this would suggest that Dr. Coulibaly *was* eligible for FMLA leave under Title II. Moreover, these cases provide very weak, if any, support for the proposition that Title II eligibility can obtain for duly appointed employees regardless of

The position that Dr. Coulibaly was ineligible for FMLA leave because he was progressing toward, but not yet eligible for, Title II eligibility would have overlooked the possibility that Dr. Coulibaly could have been eligible under Title I.  *See Coulibaly*, 273 F. Supp. 3d at 37 (noting that "to be considered an 'eligible employee' under Title I, an individual must have been employed 'for at least 12 months by the employer with respect to whom leave is requested' and must have worked 'for at least 1,250 hours of service with such employer,'" and noting that such an employer can include a United States agency (citation omitted)). Nonetheless, Defendant argues that such an oversight would have been reasonable because the law on whether contractor time counts toward the Title I time-in-service requirement "is still developing" and requires application of the "judicially created" "economic realities test," Opp'n at 12–13; indeed, the question of whether Dr. Coulibaly's time as a contractor counted for Title I was so fact intensive that a jury had to resolve it in this case, *see Coulibaly*, 723 F. 3d at 39; Jury Instrs. at 37.

Defendant's evidence does not go far enough to meet its burden of establishing that it acted in good faith under a reasonable belief about the FMLA.  "To establish good faith under the FMLA, a defendant must show that 'it honestly intended to ascertain the dictates of the FMLA and to act in conformance with it.'"  *Thom v. Am. Standard, Inc.*, 666 F.3d 968, 977 (6th Cir. 2012) (citation omitted); *see also Thompson v. Linda and A., Inc.*, 779 F. Supp. 2d 139, 153 (D.D.C. 2011) ("Th[e] good faith defense to liquidated damages requires 'an affirmative showing of a genuine attempt to ascertain what the law requires,' not simply the absence of bad

---

time in service.  This Court has already explained that in *Moynihan*, the parties did not dispute that the employee was properly classified under Title II, *Coulibaly*, 273 F.3d at 35, so the court in that case had little occasion to opine on the scope of Title II's coverage.  Similarly, the court in *Weesner* does not seem to have confronted any dispute about Title II's time-in-service requirement.  *See* 59 F. Supp. 2d at 786–87.

5

faith." (citation omitted)).[6]  Similarly, to "satisfy [the] 'reasonable grounds' requirement," "[i]n most instances an employer" must show that "*it has relied* on a reasonable, albeit erroneous, interpretation of the" FMLA.  *Thomas v. Howard Univ. Hosp.*, 39 F.3d 370, 373 (D.C. Cir. 1994) (emphasis added) (describing the FLSA standard).  Thus, for example, in *Calderon v. GEICO Gen. Ins. Co.*, the Fourth Circuit upheld a district court's refusal to award FLSA liquidated damages where the employer had arrived at its position after an attorney employee considered and disagreed with a contrary district court decision and where executives affirmed the position after two subsequent month-long periods of reconsideration.  809 F.3d 111, 130, 132–33 (4th Cir. 2015).

The principal problem for the State Department is that it has not shown that it actually arrived at and relied on any considered interpretation of the FMLA.  For example, setting aside whether the district court cases Defendant cites in fact support the conclusion that Dr. Coulibaly was not eligible for FMLA leave, Defendant has not put forth any evidence to show that the State Department actually considered or relied on these cases (or any other sources of law) in arriving

---

[6] *Thompson* applied the Fair Labor Standards Act ("FLSA") which contains a liquidated damages provision that is, for present purposes, nearly identical to the one found in the FMLA.  *Compare* 29 U.S.C. § 260 (under the FLSA, the court may reduce or refuse to award liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to [an action under the FLSA] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act"), *with id.* § 2617(a)(1)(A)(iii) (under the FMLA, the court shall award liquidated damages "except that if" the employer "proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA], such court may, in the discretion of the court," refuse to award liquidated damages).  Indeed, Congress modeled the FMLA enforcement scheme on that of the FLSA.  *Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1201–02 (10th Cir. 2004).  Accordingly, and given the relative paucity of case law applying the FMLA's liquidated damages provision, the court turns to FLSA liquidated damages cases for guidance throughout this opinion.  *See id.*; *Pagan-Colon v. Walgreens of San Patricio, Inc.*, 697 F.3d 1, 14 n.7 (1st Cir. 2012); *Persky v. Cendant Corp.*, 547 F. Supp. 2d 152, 156–57 (D. Conn. 2008).

at its view that Dr. Coulibaly was not eligible for FMLA leave.  *See Gainor v. Optical Soc'y of Am., Inc.*, 206 F. Supp. 3d 290, 307 (D.D.C. 2016) ("Although 'ambiguous or complex legal requirements may provide reasonable grounds for an employer's good faith but erroneous belief that he is in conformity with the [FLSA], legal uncertainty, to assist the employer's defense, must pervade and markedly influence the employer's belief; merely that the law is uncertain does not suffice.'" (cleaned up and citation omitted)).  More fundamentally, Defendant has not produced any evidence showing that the State Department actually held the position that Dr. Coulibaly was progressing toward Title II eligibility and could not be eligible under Title I. Defendant has simply offered an after-the-fact argument about how a possible understanding might have been reasonable, which is insufficient.  *See id.* at 306–07 (holding that employer had not met its good-faith or reasonable-belief burden under the FLSA where, though it argued after the fact that its position was "reinforced by" a Department of Labor opinion letter, the employer had not identified "any evidence regarding 'what it believed about the relevant acts or omissions' or its 'reasons for believing' that those acts or omissions were lawful" (cleaned up and citation omitted)).

The only evidence Defendant presents is a staff member's understanding based on a one-sentence, unexplained policy, allegedly bolstered by two district court cases of questionable relevance.[7]  This is not sufficient to meet Defendant's burden to show good faith and reasonable belief.  *Cf. Thompson*, 779 F. Supp. 2d at 153 (holding that a vice-president and manager's "perfunctory response" that he paid employees according to a payment system determined by the company's president was "plainly insufficient to satisfy the elements of the defense to liquidated

---

[7] That staff member even testified that he had not received "training on medical leave issues generally."  Trial Tr. at 843.

damages" under the FLSA); *Orellana v. NBSB Inc.*, 332 F. Supp. 3d 252, 262 (D.D.C. 2018) (holding that a restaurant had not shown good faith under the FLSA in part because its owner had not "[sought] or rel[ied] on legal advice" on the relevant practice).

However, the State Department has a good reason for its inability to present sufficient evidence at this stage. In violation of Local Civil Rule 16.5(b)(1)(vii)'s admonition that a pretrial statement must include "an itemization of damages the party seeks to recover," Dr. Coulibaly did not include his claim for FMLA liquidated damages in his pretrial statement. Pretrial Statement at 7, ECF No. 124. Therefore, until Dr. Coulibaly filed his post-trial motion for liquidated damages, the State Department was not on notice of the need to adduce evidence to show that it should not be liable for liquidated damages because it acted in good faith and out of a reasonable understanding of the FMLA. The State Department should have a full opportunity to do so, and may therefore develop evidence on these topics during the current discovery period and at the upcoming post-trial evidentiary hearing.

The State Department goes further and argues that Dr. Coulibaly's failure to mention liquidated damages in the Pretrial Statement, as well as in the operative complaint[8] and in response to an interrogatory about damages, constitutes a forfeiture of any claim for FMLA liquidated damages. *See* Opp'n at 4. While it would be within the Court's authority to find that Dr. Coulibaly forfeited his opportunity to seek liquidated damages, *see Morris v. Wheeler*, No. CV 11-701, 2018 WL 6308785, at *6 (D.D.C. Dec. 3, 2018), a forfeiture finding is not appropriate in this case. The State Department claims that Dr. Coulibaly's omissions prejudiced it by depriving it of the opportunity to file a dispositive pre-trial motion on the issue and to

---

[8] The original complaint did request "[l]iquidated damages under federal law FMLA." Compl. at 47, ECF No. 1.

"invoke [the] right to trial by jury" on the issue. Opp'n at 5. But the opportunity to present evidence on the good faith and reasonableness issues at the upcoming post-trial evidentiary hearing largely mitigates these harms. Indeed, while the State Department presumably could have used the jury trial in order to develop evidence on the good faith/reasonable belief defense, the State Department is wrong to say that it had the *right* to do so. The plain language of the statute assigns to the court the role of finder of fact on these issues: "if an employer who has violated [the FMLA] proves *to the satisfaction of the court* that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA]," the court may decline to award liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii). Thus, the statute "assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes." *Cf. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (interpreting the FLSA); *Quarles v. Hamler*, 652 F. App'x 792, 795 (11th Cir. 2016) ("The court heard testimony from Hamler and his accountant and decided that Hamler did 'not demonstrate[ ] that he objectively acted in good faith.' We see no basis to override the court's credibility determination."); *see Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1016 (9th Cir. 2010) (remanding for the court to make supplemental findings, if necessary, on the good faith and reasonable belief issues).[9] Accordingly, the State Department's claim of

---

[9] In *Wages v. Stuart Mgmt. Corp.*, the Eighth Circuit held that an employer was entitled to a jury determination on good faith. But the court analyzed the defendant's entitlement to a jury trial on liquidated damages together with its right to a jury trial on back pay damages, and therefore did not attempt to reconcile its holding with the FMLA liquidated damages provision's plain language committing the issues of good faith and reasonable belief to the determination of the court. 798 F.3d 675, 681–82 (8th Cir. 2015). Moreover, the issue on appeal arose because the district court awarded liquidated damages after granting summary judgment in favor of the plaintiff. *Id.* at 678–89. Accordingly, the choice in *Wages* was not presented, as in this case, as the choice between a jury trial finding on good faith and a trial court finding on good faith after

prejudice is illusory and the Court concludes that it would be overly harsh in these circumstances to find forfeiture of a statutory remedy that some courts have described as being subject to a "strong presumption . . . in favor of doubling." *Hite*, 446 F.3d at 869 (citation omitted).

And the State Department did have the opportunity to litigate its FMLA *liability* before the jury—all that remains is the good-faith-and-reasonableness defense to liquidated damages. This observation defeats the State Department's final argument against liquidated damages, that there is insufficient evidence that its FMLA violations caused actual damages in the form of lost compensation or benefits. Absent a showing of good faith and reasonable belief, an FMLA plaintiff is entitled to liquidated damages equal to the sum of actual damages, which in this case are "any wages, salary, employment benefits, or other compensation denied or lost to such employee *by reason of the violation*." 29 U.S.C. § 2617(a)(1)(A)(i)(I), (iii) (emphasis added). The State Department collects some trial evidence suggesting that FSI officials may already have been considering firing Dr. Coulibaly before he submitted one of his requests for leave. Opp'n at 8. But the jury apparently did not find this evidence persuasive. The Court instructed the jury that in order to find (as it did) for Dr. Coulibaly on the FMLA interference claim, it had to conclude that Dr. Coulibaly had proven the prejudice element of the interference claim, which in turn meant it had to conclude that the State Department's interfering action "played a substantial part in bringing about and directly resulted in Dr. Coulibaly's termination." Jury Instrs. at 36. The State Department has not filed a renewed motion for judgment as a matter of law or presented any argument in its liquidated damages opposition brief that the jury's inference that the State Department engaged in FMLA interference that caused Dr. Coulibaly's termination was

---

an evidentiary hearing. Instead, the choice was presented as between a jury trial finding on good faith and a court's award of liquidated damages based only on a summary judgment record.

10

not reasonable on the evidence presented.[10]  Instead, the State Department simply asserts that while the jury concluded that the Department's Title VII violation caused Dr. Coulibaly's termination, it "did not find" that Dr. Coulibaly's termination was "'by reason of' any FMLA interference."  Opp'n at 10.  This conclusion cannot square with the jury instructions and verdict. *See Hardin v. Dadlani*, 221 F. Supp. 3d 87, 113 (D.D.C. 2016) ("[A]bsent a demonstration to the contrary, '[t]he jury is presumed to follow the instructions.'" (quoting *United States v. Hall*, 610 F.3d 727, 742 (D.C. Cir. 2010)).[11]

### III.  CONCLUSION

For the foregoing reasons, the Court will defer ruling on Dr. Coulibaly's motion for FMLA liquidated damages until the State Department has had the opportunity after discovery and at the post-trial evidentiary hearing to attempt to meet its burden of proving to the satisfaction of the court that the acts or omissions the jury found to constitute FMLA interference were undertaken in good faith and that the State Department had reasonable grounds for believing that these acts or omissions did not violate the FMLA.

Dated:  09/01/2022                                                                   RUDOLPH CONTRERAS
                                                                                                    United States District Judge

---

[10] During trial, the Court denied the State Department's Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law on the grounds that "the jury could reasonably conclude that the Department of State terminated Dr. Coulibaly in order to prevent him from taking future FMLA leave related to his ongoing condition" and that "the jury could reasonably conclude that the Department of State failed to provide Dr. Coulibaly with sufficient FMLA notice, which in turn caused his failure to properly request FMLA leave and therefore his termination."  Trial Tr. at 1105–06.

[11] The State Department points out that counsel for Dr. Coulibaly at one point seemed to say that there were "no damages" in connection with Dr. Coulibaly's FMLA interference theory.  Trial Tr. at 976.  However, counsel later addressed this remark and clarified that Dr. Coulibaly's theory was that the State Department's FMLA interference had resulted in his termination.  Trial Tr. at 1002.